IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL ASSOCIATON OF THE DEAF, *et al.*,

    Plaintiffs,

    v.

DISTRICT HOSPITAL PARTNERS, L.P.,
d/b/a THE GEORGE WASHINGTON
UNIVERSITY HOSPITAL

    Defendant.

Civil Action No. 1:14-cv-01122-RC

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION
TO STRIKE DEFENDANT'S EXPERT DESIGNATION OF IRENE BOWEN
AND TO PRECLUDE HER TESTIMONY**

Plaintiffs, by their undersigned counsel, file this Memorandum in Support of their Motion to exclude Irene Bowen as an expert witness for the Defendant.

**FACTS**

Plaintiffs National Association of the Deaf (NAD), Robbie Carmichael, Carrie St. Cyr, and Alison McGuigan sued Defendant for violating Title III of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and the D.C. Human Rights Act. Plaintiffs Carmichael, St. Cyr, and McGuigan are each individuals who are deaf and who allege that Defendant failed to ensure effective communication with them during their hospital visits in 2013 and 2014. Specifically, Plaintiffs Carmichael and St. Cyr allege that Defendant refused their requests for on-site sign language interpreters and attempted to provide interpreting services through a Video Remote Interpreting (VRI) machine even after it became clear that the VRI was not providing effective communication. Plaintiff McGuigan alleges that she was denied any sign language interpreting services for several hours, after which Defendant attempted to provide

interpreting services through a VRI machine that also did not provide effective communication. NAD brought this action seeking damages for diversion of resources and injunctive relief.

Ms. Bowen, Defendant's expert witness and the subject of this motion, is an attorney. *See* Exhibit 1 at 1. She spent sixteen years as Deputy Director of the U.S. Department of Justice, Civil Rights Division. *Id.* Currently, she works as a Consultant for ADA One, LLC, through which she "[p]rovides consulting, speaking, and mediation services to public and private entities regarding titles II and III of the Americans with Disabilities Act (ADA) and other disability rights laws." *Id.* Ms. Bowen has submitted an expert report, which consists exclusively of an analysis of whether Defendant's current VRI policy (as amended several months after Plaintiffs filed suit) complies with Title III of the Americans with Disabilities Act and related statutes. *See generally* Exhibit 2. Consequently, Ms. Bowen's testimony is not admissible, as it consists solely of an inadmissible legal conclusion, and in any event is not relevant to any issue that a fact finder will decide.

## ARGUMENT

Federal Rule of Evidence 704(a) states that "otherwise admissible" opinion testimony "is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." However, "[e]xpert testimony that consists of legal conclusions cannot properly assist the trier of fact" in "'understanding the evidence or determining a fact in issue,' . . . and thus it is not 'otherwise admissible.'" *Burkhart v. Wash. Metro. Area Transit Auth.*, 112 F.3d 1207, 1212 (D.C. Cir. 1997) (quoting Fed. R. Evid. 702). "Generally, the use of expert testimony is not permitted if it will usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it." *United States v. Chapman*, 209 F. App'x 253, 269 (4th Cir. 2006) (quoting *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994) (citations and internal quotation marks omitted)). "[F]or example, . . . when a

witness gives an opinion about the meaning of a specialized legal term, the witness is giving a legal conclusion that is better handled by the judge and, coming from the witness, will be of little assistance to the jury." *United States v. Offill*, 666 F.3d 168, 175 (4th Cir. 2011).

Indeed, the U.S. Court of Appeals for the District of Columbia Circuit has held that a trial court abused its discretion by admitting the testimony of an "ADA expert" whose testimony, relying heavily on the language of the ADA regulations, culminated with his opinion as to whether defendants had complied with those regulations. *Burkhart*, 112 F.3d at 1212-14; *see also U.S. ex rel. Mossey v. Pal-Tech, Inc.*, 231 F. Supp. 2d 94, 98 (D.D.C. 2002) (striking expert report that "lifts language directly from" implementing regulations "to explain [the expert's] conclusion," and thus "contains nothing more than legal opinions and unsubstantiated assessments of the evidence").

Ms. Bowen's report, and thus her potential testimony, exclusively addresses whether Defendant's current policy for using VRI complies with the ADA. *See* Ex. 2 at 6. She expressly disclaims applying any industry standards to her analysis, such as "the guidance, position papers, and best practices enunciated by the National Association of the Deaf (NAD), the Registry of Interpreters for the Deaf (RID) and the Joint Commission." *Id.* at 5. Nor does she purport to have any skills beyond being an attorney. *See* Ex. 1. Rather, she walks through the "[e]ight regulatory requirements" necessary for ADA compliance and opines, from an attorney's perspective, that Defendant's policy satisfies each of them. Ex. 2 at 6. This is a textbook example of an impermissible legal conclusion, and for this reason the Court should strike Ms. Bowen as an expert witness.

Even if Ms. Bowen's potential testimony could be contorted to offer more than a legal conclusion, it is inadmissible because it is irrelevant to any issue a jury will decide. *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). Ms. Bowen offers no opinion, legal or otherwise, as to whether Defendant provided effective communication to Ms. Carmichael, Ms. St. Cyr, or Ms. McGuigan during their hospital visits. Nor does she address facts relevant to the damages that any of the Plaintiffs may be awarded. For example, she does not address the VRI policy in place at the time of Plaintiffs' hospital visits. Rather, she assesses Defendant's VRI policy effective December 2014, several months after Plaintiffs filed this action. Therefore, even if Ms. Bowen's testimony potentially offers more than just legal opinion, it is not relevant to the issues that will go before a jury, and therefore it is inadmissible.

The legal compliance of Defendant's current policy goes solely to the availability of prospective injunctive relief, a matter that this Court will decide and not a jury. However, because "[e]ach courtroom comes equipped with a 'legal expert,' called a judge," *Burkhart*, 112 F.3d at 1213, Ms. Bowen's proposed testimony also will not provide any assistance to the Court. Therefore, this Court does not require Ms. Bowen's testimony either.

## CONCLUSION

For the foregoing reasons, this Court should grant Plaintiffs' Motion to strike Ms. Irene Bowen as Defendant's expert witness.

Respectfully submitted,

  /s/ Joseph B. Espo
Joseph B. Espo, D.C. Bar No. 429699
BROWN, GOLDSTEIN & LEVY, LLP
120 East Baltimore Street, Suite 1700
Baltimore, Maryland 21202-6701
T: (410) 962-1030
F: (410) 385-0869
jbe@browngold.com

        Debra Patkin
        Caroline Jackson
        NATIONAL ASSOCIATION OF THE DEAF
        LAW AND ADVOCACY CENTER
        8630 Fenton Street, Suite 820
        Silver Spring, MD 20910
        T:  (301) 587-7732
        F:  (301) 587-1791
        debra.patkin@nad.org
        caroline.jackson@nad.org

        *Attorney for Plaintiffs*

Dated:  March 25, 2015